<h2 style="text-align:center">Chicago, Milwaukee & St. Paul Railway Company v. The People, for the use of H. J. Christian.</h2>

Gen. No. 4,767.

1. CANADA THISTLES—*instruction in prosecution under section 41 of the Criminal Code, approved.* An instruction in a prosecution under section 41 of the Criminal Code, as follows, is approved:

"The jury is instructed as a matter of law, that the fact that a stray Canada thistle, growing here and there on the right of way or other lands of a railroad company, owning, controlling or operating a railroad in the State of Illinois, has been overlooked and permitted to mature its seed, is not itself a violation of the provisions of the statute of the State of Illinois which reads: 'If any company, association or person, owning, controlling or operating a railroad, shall refuse or neglect to dig up and destroy, or take other certain means of exterminating Canada thistles and other noxious weeds that may at any time be growing

upon the right of way or other lands of such roads, or appertaining thereto, they shall be fined for each offense not less than fifty nor more than two hundred dollars, the fine to be paid as in the preceding section,' when the said railroad company has done all that could be reasonably expected of it for the destruction of the thistles. And if you believe from the evidence in this case that the defendant has in good faith made a *bona fide* attempt to comply with said law, and has in good faith done all that could reasonably be expected of it for the destruction of said Canada thistles, even though you may believe that a few stray thistles were found growing on the right of way of the defendant, still in that case your verdict should be for the defendant."

2.   CANADA THISTLES—*when conviction under section 41 of Criminal Code will not be sustained.*   Where there is evidence that the defendant has made an honest effort to destroy the Canada thistles in question a conviction under section 41 of the Criminal Code will not be sustained.

Action commenced before justice of the peace.   Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding.   Heard in this court at the October term, 1906. Reversed and remanded.   Opinion filed April 10, 1907.

R. W. CHURCHILL, for appellant.

J. I. LANG and DAVID R. JOSLYN, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action by the People of the State of Illinois for the use of H. J. Christian, thistle commissioner of the town of Richmond, to recover a fine for the violation of section 41 of the Criminal Code, which provides a penalty against any railway company that shall refuse or neglect to dig up and destroy, or take other certain means of exterminating Canada thistles that may be growing upon the right of way or other lands of such road.   The suit was begun by the issuance of a summons by a justice of the peace, August 26, 1904.   An appeal was taken from the judgment before the justice, and on a trial in the Circuit Court there was a verdict against the defendant for $110, upon which judgment was rendered, and the defendant appeals.

It was claimed on the part of the People that Canada

thistles were permitted to mature in 1903 and 1904 on a forty-acre tract of land owned by appellant, and on its right of way. On the part of the appellee, two witnesses testified that this forty-acre tract had patches of thistles on it varying from an acre to a table in size, and that some Canada thistles matured both on the forty-acre tract and on the right of way both in 1903 and 1904, the witnesses testifying that one small patch of five or six thistles in a gravel pit on the forty acres, and another patch of from fifty to one hundred thistles on the right of way went to seed. The thistle commissioner testified that there is only one farm in the township that does not have Canada thistles on it; that he found some matured Canada thistles on the right of way, and that the section foreman told him the company did not give him time to cut them.

The evidence of appellant showed that its section foreman in 1903 had specific instructions from his employer to keep the thistles cut and not let any go to seed, and that in that year the section men cut all the thistles four different times before any went to seed, and burned any that had blossomed. In 1903 the thistles were also dug up and brine put on the roots. In 1904, the evidence of appellant's witnesses is that, at two different times, the section men mowed all the thistles, the last time in August, when some were in blossom, and these were raked up and burnt, and that no thistles were permitted to go to seed in either year. There was impeaching testimony that the witness for appellee, who owned the land surrounding the forty-acre tract, said to the section foreman, "You did well; you did all you could to exterminate those thistles." The evidence being in direct conflict, it was necessary that the jury should have been accurately instructed.

Defendant's first refused instruction is:

"The jury is instructed, as a matter of law, that the fact that a stray Canada thistle, growing here and there on the right of way or other lands of a railway company, owning, controlling or operating a railroad

in the state of Illinois, has been overlooked and permitted to mature its seed, is not of itself a violation of the provision of the statute of the state of Illinois, which reads: 'If any company, association or person, owning, controlling or operating a railroad, shall refuse or neglect to dig up and destroy, or take other certain means of exterminating Canada thistles and other noxious weeds that may at any time be growing upon the right of way or other lands of such roads, or appertaining thereto, they shall be fined for each offense not less than fifty (50) nor more than two hundred (200) dollars, the fine to be paid as in the preceding section,' when the said railroad company has done all that could be reasonably expected of it for the destruction of the thistles. And if you believe from the evidence in this case that the defendant has in good faith made a *bona fide* attempt to comply with said law, and has in good faith done all that could reasonably be expected of it for the destruction of said Canada thistles, even though you may believe that a few stray thistles were found growing on the right of way of the defendant company or other lands belonging to the defendant, still, in that case, your verdict should be for the defendant.''

This suit is brought to recover a fine for the violation of a section of the Criminal Code. "A criminal offense consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence." Negligent performance of a duty imposed by law, for the non-performance of which a penalty has been imposed by the statute, will render the party guilty of such negligence criminally liable. If, however, a defendant in good faith made an honest attempt to fully comply with the requirement of the statute, and was not guilty of negligence in performing the required statutory duty, then he should not be subjected to a penalty. The gist of this action was criminal negli-

gence in not digging up and destroying or taking other means of exterminating Canada thistles. Story v. The People, 79 Ill. App. 563. The instruction asked stated an accurate proposition of law applicable to the case. No instruction was given upon the question of negligence, and the care and attention required of the defendant to comply with the statute. There being evidence that the defendant had made much effort to destroy the thistles, the instruction asked by the defendant should have been given, and it was error to refuse it. For this error the judgment is reversed and remanded.

*Reversed and remanded.*